UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YA-CHEN-CHEN,

                                        Plaintiff,

            -against-                                                    11 CV 0320 (CM)

THE CITY UNIVERSITY OF NEW YORK,                        ORIGINAL FILED BY E.C.F.
ROBERT PAASWELL, individual and official
capacity as Former President of The City College of
New York, BETH LESEN, individual and official
capacity, RICHARD F. CALICHMAN, individual
and official capacity, and GERALDINE MURPHY,
individual and official capacity,

                                        Defendants.
------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS


                        ERIC T. SCHNEIDERMAN
                        Attorney General of the
                         State of New York
                        Attorney for Defendants
                        120 Broadway - 24th Floor
                        New York, New York 10271
                        (212) 416-8652


CHRISTINE RYAN
Assistant Attorney General
    Of Counsel

# TABLE OF CONTENTS

**Pages**

Table of Authorities ......................................................................................................................... iii

Preliminary Statement........................................................................................................................1

STATEMENT OF ALLEGED FACTS.............................................................................................3

STANDARD OF REVIEW ...............................................................................................................5

ARGUMENT......................................................................................................................................5

I.        PLAINTIFF CAN NOT STATE PLAUSIBLE § 1981 CLAIMS...............5

           A. § 1983 is the only remedial provision for claimed violations
              of § 1981 ...................................................................................................6

           B. § 1981 Protections Do Not Encompass National Origin
              Discrimination.........................................................................................6

II.       PLAINTIFF FAILS TO STATE PLAUSIBLE TITLE VII, EQUAL
           PROTECTION, OR CHRL DISCRIMINATION CLAIMS .......................7

           A. Plaintiff Fails To State Plausible Discriminatory Discharge
              Claims ......................................................................................................7

           B. Plaintiff Fails To State Hostile Work Environment Claims.................10

III.     PLAINTIFF FAILS TO STATE PLAUSIBLE TITLE VII, EQUAL
           PROTECTION, OR CHRL RETALIATION CLAIM...............................11

           A. The Equal Protection Clause Does Not Protect Against Retaliation ...11

           B. Plaintiff Does Not Allege Any Protected Activity................................12

IV.     PLAINTIFF FAILS TO STATE PLAUSIBLE INDIVIDUAL
           CAPACITY CLAIMS FOR RELIEF UNDER § 1983 AND CHRL
           AGAINST DEFENDANTS LESEN, MURPHY, AND PAASWELL .....13

V.      PLAINTIFF CANNOT STATE PLAUSIBLE CLAIMS FOR RELIEF
           AGAINST THE INDIVIDUAL DEFENDANTS UNDER THE CHRL..15

## TABLE OF CONTENTS

**Pages**

1. Accessorial Liability Under CHRL § 8-107(6) Can Not Be
Found Where the Employer is Not Liable ............................................15

VI.      PLAINTIFF'S INDEPENDENT CLAIMS FOR INJUNCTIVE
RELIEF AND THE OFFICIAL CAPACITY FEDERAL AND
STATE LAW CLAIMS FOR INJUNCTIVE RELIEF ARE
JURISDICTIONALLY AND SUBSTANTIVELY BARRED .................16

A. The Eleventh Amendment Bars Plaintiff's § 1983 and CHRL
Requests for Prospective Injunctive Relief...........................................16

B. Plaintiff Cannot State Substantive Claims for Injunctive Relief..........19

VII.     DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ........19

CONCLUSION..............................................................................................................................19

# TABLE OF AUTHORITIES

**Cases**                                                                                       **Pages**

Adams v. New York State Education Dep't.,
   No. 08 Civ. 5996, 2010 WL 4742168 (S.D.N.Y. Nov. 18, 2010) ........................................6, 7

Anderson v. Conboy, 156 F.3d 167 (2d Cir. 1998) .........................................................................7

Arline v. Potter, 404 F. Supp. 2d 521 (S.D.N.Y. 2005) ................................................................19

Ashcroft v. Iqbal,129 S. Ct. 1937 (2009) .............................................................................5, 9, 14

Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107 (2d Cir.2004) .......................13

Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001) ........................................................16

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ...........................................................................5

Bernheim v. Litt, 79 F.3d 318 (2d Cir.1996) .................................................................................11

Brown v. Henderson, 257 F.3d 246 (2d Cir. 2001) ........................................................................10

Cifra v. Gen. Elec. Co., 252 F.3d 205 (2d Cir.2001) ....................................................................12

Cruz v. Coach Stores, Inc., 202 F.3d 560 (2d Cir.2000) ...............................................................12

Davidson v. Scully, 148 F. Supp. 2d 249 (S.D.N.Y.2001) ............................................................18

DeWitt v. Lieberman, 48 F. Supp. 2d 280 (S.D.N.Y. 1999) ..........................................................15

During v. City Univ. of N.Y.,
   No. 01 Civ. 9584, 2002 WL 1159675 (S.D.N.Y. May 31, 2002) .............................................15

Duviella v. Couns. Serv. of E. Dist. of N.Y.,
   No. 00 CV 2424, 2001 WL 1776158 (E.D.N.Y Nov. 20, 2001) ..............................................15

Emmons v. City Univ. of N.Y., 715 F. Supp. 2d 394 (E.D.N.Y. 2010) .........................................10

Ex Parte Young, 209 U.S. 123 (1908) .....................................................................................17, 18

Falchenberg v. N.Y. State Dep't of Educ.,
   642 F. Supp 2d. 156 (S.D.N.Y. 2008), aff'd, 338 Fed Appx. 11
   (2d Cir. June 11, 2009) (summary order) ................................................................................15

.

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Pages**

Fed. Maritime Comm'n v. S.C. State Ports Auth., 535 U.S. 743 (2002) ......................................16

Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712 (2d Cir. 2010) ...........................13

Forrest v. Jewish Guild,
  309 A.D.2d 546 (1st Dep't 2003), aff'd, 3 N.Y.3d 295 (N.Y. 2004) ......................................15

Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295 (2004) ...........................................................8

Grady v. Affiliated Cent., Inc.,
  130 F.3d 553 (2d Cir. 1997), cert. denied, 525 U.S. 936 (1998) ...............................................8

Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993) ...........................................................................10

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) .....................................................................................5

Holcomb v. Iona College, 521 F.3d 130 (2d Cir. 2008) ..................................................................7

Int'l Healthcare Exchange, Inc., v. Global Healthcare Exch.,
  470 F. Supp. 2d 345 (S.D.N.Y. 2007) .....................................................................................13

Jean-Louis v. North Shore Univ. Hosp.,
  No. 06 CV 3023, 2007 WL 4409937 (E.D.N.Y. Dec. 14, 2007) ...........................................15

Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989) ......................................................................6

Jones v. Nat'l Comm. & Surveillance Networks,
  409 F. Supp. 2d 456 (S.D.N.Y. 2006), aff'd, 266 Fed. Appx. 31 (2d Cir. 2008)
  (summary order) ........................................................................................................................17

Kelley v. Sun Microsystems, Inc.,
  520 F. Supp. 2d 388 (D.Conn. 2007) .......................................................................................13

Kentucky v. Graham, 473 U.S. 159 (1985) ....................................................................................17

Lamere v. N.Y. State Office for the Aging,
  No. 03-cv-356, 2005 WL 1174068 (N.D.N.Y. Apr. 27, 2005) ...............................................17

Martinez v. City Univ. of N.Y.,
  No. 07-cv-6453, 2010 WL 987029 (S.D.N.Y. Mar. 12, 2010) ...............................................17

-iv-

# TABLE OF AUTHORITIES

**Cases**                                                                                  **Pages**

Mazurkiewicz v. N.Y.C. Health and Hosp. Corp.,
No. 09 Civ. 5962, 2010 WL 3958852( S.D.N.Y. Sep 16, 2010) ..............................................7

Miles v. Baruch Coll.,
No. 07-CV-1214, 2008 WL 222299 (E.D.N.Y. Jan. 25, 2008) ..............................................18

Murphy v. ERA United Realty, 251 A.D.2d 469 (2d Dep't 1998) ................................................15

Okin v. Village of Cornwall-On-Hudson Police Dep't,
577 F.3d 415 (2d Cir. 2009) ........................................................................................................8

Patane v. Clark, 508 F.3d 106 (2d Cir. 2007) ....................................................................10, 11, 12

Patterson v. County of Oneida, 375 F.3d 206 (2d Cir. 2004) .......................................................6, 7

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) ................................................18

Perry v. State of N.Y. Dep't of Labor,
No. 08 Civ. 4610, 2009 WL 2575713 (S.D.N.Y. Aug. 20, 2009) ........................................8, 9

Quern v. Jordan, 440 U.S. 332 (1979) ..........................................................................................17

Raygor v. Regents of Univ. of Minn., 534 U.S. 533 (2002) ..........................................................17

Richardson v. N.Y. State Dep't of Corr. Servs., 180 F.3d 426 (2d Cir. 1999) .............................10

Roddini v. City Univ. of N.Y.,
No. 02 Civ. 4640, 2003 WL 435981 (S.D.N.Y. Feb. 21, 2003) ...............................................6

Russo v. N.Y. Presby. Hosp.,
No. 09 CV. 5334, 2011 WL 837802 (E.D.N.Y. Mar. 3, 2011) ..............................................12

Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604 (1987) ................................................................7

Santiago v. N.Y. State Dep't of Corr. Servs.,
945 F.2d 25 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992) ...........................................17

Schanfield v. Sojitz Corp. of Am., 663 F. Supp. 2d 305 (S.D.N.Y. 2009) ...................................15

Schomo v. City of N.Y., 579 F.3d 176 (2d Cir. 2009) ...................................................................14

Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996) ..................................................................16

## TABLE OF AUTHORITIES

**Cases**                                                                                     **Pages**

Shumway v. United Parcel Serv., Inc., 118 F.3d 60 (2d Cir. 1997) ................................................8

Simba v. Fenty,
   No. 08-1692, 2010 WL 4959884 (D.D.C. Dec. 7, 2010) ........................................................19

Simpson v. Metro-North Commuter R.R.,
   No. 04 Civ. 2565, 2006 WL 2056366 (S.D.N.Y. Jul. 20, 2006) ...............................................8

Skalafuris v. City Univ. of N.Y.,
   No. 09 Civ. 5693, 2010 WL 1050299 (S.D.N.Y. Mar. 22, 2010) ...........................................19

State Employees Bargaining Agent Coal. v. Rowland,
   494 F.3d 71 (2d Cir. 2007) .....................................................................................................18

Stevens v. New York, 691 F. Supp. 2d 392 (S.D.N.Y. 2009) (McMahon, *D.J.*) .........................14

Westbrook v. City Univ. of N.Y., 591 F. Supp. 2d 207 (E.D.N.Y. 2008) ......................................6

Whaley v. City Univ. of N.Y.,
   555 F. Supp. 2d 381 (S.D.N.Y. 2008) (McMahon, *D.J.*) ..........................................................6

Williams v. N.Y.C. Hous. Auth., 61 A.D.3d 62 (1st Dep't 2009) .................................................11

Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) ..............................................................17


**Federal Constitution**

Eleventh Amendment .............................................................................................. passim

Fourteenth Amendment ...................................................................................................17
   Equal Protection Clause.................................................................................................2, 7, 11


**Federal Statutes and Rules**

42 U.S.C. § 1981.................................................................................................................2, 5, 6, 7

42 U.S.C. § 1983.................................................................................................................. passim

## **TABLE OF AUTHORITIES**

**Pages**

### **Federal Statutes and Rules**

42 U.S.C. § 2000e, <u>et seq.</u>, Title VII of the Civil Rights Act of 1964 ("Title VII").............. passim
   42 U.S.C. § 2000e-3(a) ...........................................................................................................12

Federal Rules of Civil Procedure
   Rule 12(b)(1)........................................................................................................................1, 19
   Rule 12(b)(6) ......................................................................................................................1, 5
   Rule 56 .....................................................................................................................................19

### **New York State and City Statutes**

New York City Human Rights Law ("CHRL")...................................................................... passim

N.Y.C. Admin. Code § 8-107
   § 8-107(1)(a) ...........................................................................................................................2
   § 8-107(6) ...........................................................................................................................2, 15
   § 8-107(7) ...............................................................................................................................2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

YA-CHEN-CHEN,

                                    Plaintiff,

                    -against-                                    11 CV 0320 (CM)

THE CITY UNIVERSITY OF NEW                                       ECF
YORK, ROBERT PAASWELL, individual
and official capacity as Former President of
The City College of New York, BETH
LESEN, individual and official capacity,
RICHARD F. CALICHMAN, individual
and official capacity, and GERALDINE
MURPHY, individual and official capacity,

                                    Defendants.
--------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

    Defendants City University of New York ("CUNY"), Robert Paaswell, Beth Lesen,

Richard F. Calichman, and Geraldine Murphy, respectfully submit this memorandum of law, in

support of their motion to dismiss the January 18, 2011 Complaint ("Compl.") pursuant to Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter

jurisdiction and failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

    By way of a thirty-eight page, nine count Complaint, Plaintiff alleges an assortment of

federal statutory and constitutional claims, as well as New York City administrative code

violations against her former employer, CUNY, and four CUNY employees in their individual

and official capacities (collectively, "Defendants"). The gravamen of Plaintiff's Complaint is

her contention that the non-reappointment decision for the 2010-2011 academic year was either

in retaliation and/or based on the impermissible factors of race, gender and/or national origin.

Specifically, Plaintiff alleges claims for: (1) "monetary relief" for race, gender, and national origin discrimination, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), (Compl. ¶¶ 212-214 [First Claim]); (2) "prospective and injunctive relief" for race, gender and national origin discrimination and retaliation pursuant to Title VII, (Compl. ¶¶ 215-216 [Second Claim]); (3) "prospective and injunctive relief" for Fourteenth Amendment equal protection violations based on race, gender and national origin pursuant to 42 U.S.C. § 1983 (Compl. ¶¶ 217-218 [Third Claim]); (4) "monetary relief" for Fourteenth Amendment equal protection violations based on selective treatment due to race, gender and national origin and retaliation pursuant to 42 U.S.C. § 1983, (Compl. ¶¶ 219-231 [Fourth and Fifth Claims]); (5) "monetary relief" for race and national origin discrimination in violation of 42 U.S.C. § 1981, (Compl. ¶¶ 232-234 [Sixth Claim]); and (6) unspecified relief for race, gender, and national origin discrimination and retaliation pursuant to the New York City Human Rights Law ("CHRL"), N.Y.C. Admin. Code §§ 8-107(1)(a), 107(6), and 107(7), (Compl. ¶¶ 235-241 [Seventh, Eighth and Ninth Claims]).

As demonstrated herein, every claim in Plaintiff's Complaint is devoid of substantive plausible allegations and/or is fatally flawed as a matter of law because: (1) Plaintiff cannot properly assert claims against the individual Defendants pursuant to § 1981; (2) Plaintiff fails to state plausible discrimination claims pursuant to Title VII, the Equal Protection Clause, or the CHRL; (3) Plaintiff fails to state plausible retaliation claims pursuant to Title VII, the Equal Protection Clause, or the CHRL; (4) Plaintiff fails to allege the requisite personal involvement to support § 1983 or CHRL liability against the individual Defendants; (5) CHRL accessorial liability as to the individual Defendants cannot be found without employer liability and, as an arm of the State of New York, CUNY is not subject to suit under that statute; (6) Plaintiff's

2

claims for injunctive relief are barred by the Eleventh Amendment and, in any event, are not supported by Plaintiff's factual allegations; and (7) the individual Defendants are entitled to qualified immunity.

Accordingly, Defendants' motion should be granted and the Complaint should be dismissed, with prejudice, in its entirety.

## STATEMENT OF ALLEGED FACTS

Plaintiff, who self-identifies as an Asian, foreign-born female, began her employment with CUNY at its City College of New York ("CCNY") campus on September 1, 2007. (Compl. ¶¶ 12 and 36.) Plaintiff taught in CCNY's Foreign Languages Department as a non-tenured assistant professor. (Compl. ¶¶ 35-36.) As a non-tenured faculty member, Plaintiff's employment was subject to annual reappointment. (Compl. ¶ 36.)

Plaintiff claims that in Spring 2009, a student ("Student White") in her class began to stalk and harass her. (Compl. ¶ 102.) Plaintiff purportedly complained to the Chair of the Foreign Languages Department, Richard Calichman, and on or about February 4, 2009, Chair Calichman transferred the student out of Plaintiff's class. (Compl. ¶¶ 124-125.) According to Plaintiff, Student White continued to stalk and harass Plaintiff, and on May 7, 2009, Plaintiff brought her concerns Geraldine Murphy, the Deputy Dean. (Compl. ¶¶ 18, 141.) Dean Murphy referred Plaintiff to Beth Lesen, the Director of the Office for Students with Disabilities. (Compl. ¶¶ 16, 141.)

Plaintiff allegedly met with Director Lesen on May 7 and 13, 2009. (Compl. ¶¶ 142 and 151.) According to Plaintiff, Director Lesen urged Plaintiff to confront the student. (Id.)

On May 20, 2009, Chair Calichman requested a meeting with Plaintiff. (Compl. ¶¶163-164.) Deputy Dean Murphy was present at the meeting. (Compl. ¶167.) Plaintiff claims that,

3

during this meeting, Chair Calichman and Deputy Dean Murphy told Plaintiff that she had engaged in inappropriate conduct regarding her interactions with Student White. (Compl. ¶ 167.) Upon the meeting's conclusion, Chair Calichman and Deputy Dean Murphy purportedly prepared a counseling memorandum, dated May 28, 2009, for placement in Plaintiff's personnel file. (Compl. ¶ 167.)

On May 21, 2009, Chair Calichman gave Plaintiff a negative evaluation. (Compl. ¶¶ 173-174.) In or about August 2009, Plaintiff filed a complaint with CCNY's Office of Affirmative Action with respect to the negative evaluation. (Compl. ¶ 44.)

On October 20, 2009, Chair Calichman notified Plaintiff that the Foreign Languages Department Executive Committee had recommended that Plaintiff not be reappointed for the 2010-2011 academic year. (Compl. ¶ 186.) Plaintiff appealed this recommendation to Professor Stephen Jablonsky, then Chair of the Humanities and the Arts Division's Personnel and Budget Committee. (Compl. ¶ 187.) On November 3, 2009, Dean J. Fred Reynolds of the Division of Humanities and the Arts notified Plaintiff that her appeal was denied. (Compl. ¶ 188.) On November 5, 2009, Plaintiff appealed again to the Review Committee and its chair, Provost Zeev Dagan. (Compl. ¶ 189.) This appeal was also denied, and on November 19, 2009, Provost Dagan informed Plaintiff by letter that the College-wide Personnel and Budget Committee had voted not to recommend her reappointment to Acting President Paaswell. (Compl. ¶193.)

Plaintiff appealed a final time to Robert Paaswell, the interim President of CCNY. (Compl. ¶¶ 15, 194.) On January 18, 2010, President Paaswell informed Plaintiff by letter that he had denied her appeal. (Compl. ¶ 194.) Upon Plaintiff's request, on February 11, 2010, President Paaswell provided her a written statement of reasons for the denial. (Compl. ¶¶ 195-196.)

4

Plaintiff filed a complaint with the New York State Division of Human Rights on November 4, 2009. (Compl. ¶ 19.) Following the dismissal of that complaint for administrative convenience, Plaintiff filed the instant Complaint on January 18, 2011. (Compl. ¶¶ 26, 28.)

## STANDARD OF REVIEW

Under the now well-established Twombly standard, a complaint should be dismissed if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (citing Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). 'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

## ARGUMENT

## I.   PLAINTIFF CAN NOT STATE PLAUSIBLE § 1981 CLAIMS.

Plaintiff purportedly brings a § 1981 claim against the individual Defendants alleging race and national origin discrimination, as well as retaliation. These claims are implausible because: (1) § 1983 is the only remedial provision for claimed violations of the federal rights

5

protected by § 1981; and (2) § 1981 protections do not extend to discrimination on the basis of national origin.

A.    § 1983 is the only remedial provision for claimed violations of § 1981.

It is well established that § 1983 constitutes the exclusive federal remedy for an alleged violation of the rights guaranteed in § 1981 by state actors. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731-33 (1989) ("Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981."). In Patterson v. County of Oneida, 375 F.3d 206 (2d Cir. 2004), the Second Circuit recognized that "'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units[.]'" Id. at 225 (quoting Jett, 491 U.S. at 733).

Courts have interpreted this prohibition to extend to actions against individual defendants sued in their individual capacities. See Whaley v. City Univ. of N.Y., 555 F. Supp. 2d 381, 400-01 (S.D.N.Y. 2008) (McMahon, *D.J.*) ("The holding in Jett has been interpreted to encompass not only governmental entities, but also individuals sued in their individual capacities who are 'state actors.'"); see also Westbrook v. City Univ. of N.Y., 591 F. Supp. 2d 207, 223 (E.D.N.Y. 2008) (citing Roddini v. City Univ. of N.Y., No. 02 Civ. 4640, 2003 WL 435981, at * 5 (S.D.N.Y. Feb. 21, 2003)) (same). Thus, because Plaintiff cannot properly assert § 1981 claims against the individual defendants in their individual capacities, their sixth claim for relief should be dismissed.

B.    § 1981 Protections Do Not Encompass National Origin Discrimination.

While § 1981 protects against discrimination on the basis of race, it is now well settled that it does not extend to claims of national origin discrimination. See Adams v. New York State

6

Education Dep't., No. 08 Civ. 5996, 2010 WL 4742168, at *44  (S.D.N.Y. Nov. 18, 2010)("it is 'settled that Section 1981 does not prohibit discrimination on the basis of gender or religion, national origin, or age.'") (quoting Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998); accord Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987) (Section 1981 does not prohibit discrimination on the basis of national origin.); Mazurkiewicz v. N.Y.C. Health and Hosp. Corp., No. 09 Civ. 5962, 2010 WL 3958852, at * 4( S.D.N.Y. Sep 16, 2010) (Section 1981 solely prohibits discrimination on the basis of race and does not apply to gender, religion, national origin, or age discrimination.  Therefore, Plaintiff's national origin based § 1981 claims against the individual Defendants would, in any event, still fail and require dismissal.

## II.   PLAINTIFF FAILS TO STATE PLAUSIBLE TITLE VII, EQUAL PROTECTION, OR CHRL DISCRIMINATION CLAIMS.

Plaintiff also brings race, gender, and national origin discrimination claims under Title VII, the Fourteenth Amendment's equal protection clause, and the CHRL.  These claims fail because Plaintiff fails to state plausible claims for relief.

### A.   Plaintiff Fails To State Plausible Discriminatory Discharge Claims.

In the context of an alleged discriminatory discharge, to state a prima facie case under Title VII, § Section 1983, or the CHRL for gender, race and national origin discrimination, a plaintiff must allege sufficient facts from which it can be plausibly inferred that (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination.  See Holcomb v. Iona College, 521 F.3d 130, 138 (2d Cir. 2008) (setting forth elements of a Title VII discrimination claim); see also Patterson, 375 F.3d at 225-27 (noting that the core substantive standards for a Title VII claim apply to an equal protection claim under § 1983 except for the following differences: (1) statutes of limitations; (2)

7

municipal liability; (3) individual liability; and (4) § 1983 requires a showing of intentional discrimination whereas Title VII liability may be premised upon negligence); Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 391 (2004) (setting forth elements of a prima facie CHRL discrimination claim.) "Any equal protection claim is grounded on a comparison between the treatment the state gives similarly situated individuals." Okin v. Village of Cornwall-On-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009). Employees are similarly situated when they are similarly situated in all material respects. Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir.1997). Among other things, "[t]o be to be 'similarly situated,' employees must be substantially similar as to specific work duties, education, seniority, and performance history[.]" Simpson v. Metro-North Commuter R.R., No. 04 Civ. 2565, 2006 WL 2056366, at *7 (S.D.N.Y. Jul. 20, 2006).

Here, the Complaint is notably devoid of sufficient factual allegations which, if true, would plausibly suggest that Plaintiff's non-reappointment was motivated by race, gender or national origin discrimination. The Complaint does not, for instance, allege or even suggest that any relevant decision-maker made comments to or about Plaintiff from which discriminatory animus based on race, gender or national origin could reasonably be inferred. See Grady v. Affiliated Cent., Inc., 130 F.3d 553, 561 (2d Cir. 1997) (no inference of discrimination where plaintiff "could not recall any action or statement by [relevant decision-maker] that showed … discrimination"), cert. denied, 525 U.S. 936 (1998).

Nor does the Complaint contain sufficient allegations to permit a reasonable inference that similarly situated employees of other races, gender and national origins were given preferential treatment as compared to Plaintiff. See Perry v. State of N.Y. Dep't of Labor, No. 08 Civ. 4610, 2009 WL 2575713, at *4 (S.D.N.Y. Aug. 20, 2009) (dismissing age and race

8

discrimination claims where "[n]o allegation indicates discriminatory animus or treatment by the plaintiff that differed from other similarly situated individuals"). In fact, it is clear from her own factual averments that Plaintiff is not similarly situated with her identified comparators. Plaintiff first attempts to compare herself to Chair Calichman and Professor Boudreau. (Compl. ¶¶ 64-69.) The single attempt Plaintiff makes to demonstrate similarity with these individuals, is that both Chair Calichman and Professor Boudreau are white male, full time professors in administrative positions. (Id.) Plaintiff makes no other allegations regarding similar conduct, supervisors, or complaints, or provide any information regarding the national origin of either Chair Calichman or Professor Boudreau. (Id.) Plaintiff also alleges comparisons between herself and two other non-tenured, assistant professors: (1) Professor Riobo, a white male Brazilian-American; and (2) Professor Valdes, a black female of African-American and Puerto Rican heritage. (Compl. ¶¶ 73-78.) Although Plaintiff claims that she is the "only foreigner" and "only Asian" who was not reappointed as between herself, Professor Riobo and Professor Vale, Plaintiff fails to aver any facts from which it could be inferred that Professors Riobo and Valdes were similarly situated to her "in all material respects" or were treated differently than Plaintiff on the basis of race, gender or national origin. Moreover, Plaintiff's averment that Professor Vale, a female professor who was reappointed, undermines her allegation of gender discrimination. (Id.) Plaintiff merely concludes and speculates that race, gender, and/or national origin played a part. (Compl. ¶¶ 64-78.) This is "nothing more than a 'formulaic recitation of the elements" of a discrimination claim." Iqbal, 129 S. Ct. at 1951. Such unvarnished allegations that an adverse employment action was taken "because of" membership in a protected class "are not entitled to be assumed true." Id.

9

Accordingly, because Plaintiff's proffer of purported "comparators" fails to demonstrate that they are similarly situated to Plaintiff in all material respects, the Complaint fails to state a plausible claim for discriminatory discharge and those claims should be dismissed.

B.     Plaintiff Fails To State Hostile Work Environment Claims.

Although Plaintiff does not specifically plead a hostile work environment claim, Defendants address it here in the event that the Court applies a liberal construction to the Complaint and deems a hostile work environment claim included.[1]

To state a hostile work environment claim, Plaintiff must demonstrate that her workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her work environment. Richardson v. N.Y. State Dep't of Corr. Servs., 180 F.3d 426, 436 (2d Cir. 1999); see Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). "It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic." Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001).

Here, Plaintiff has not alleged that she was subjected to severe or pervasive discriminatory conduct, or that she was subjected to a hostile work environment conduct *because of* her membership in a protected class. (Compl. ¶¶ 102-137.) Specifically, as previously noted, Plaintiff does not allege that any of the Defendants made remarks that would reflect race, gender, or national origin based discrimination. See Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (affirming dismissal of Title VII claims where Plaintiff did not allege facts showing

---

[1] But c.f. Emmons v. City Univ. of N.Y., 715 F. Supp. 2d 394, 405 (E.D.N.Y. 2010) (noting that "the Court's willingness to liberally construe the complaint in her favor is far more circumscribed when, as here, plaintiff is represented by counsel.")

10

discriminatory animus. Plaintiff has also failed to allege any facts that she was exposed to behavior that was "objectively severe or pervasive" or that "a reasonable person would find hostile or abusive." Patane, 508 F.3d at 113. Simply, the Complaint is devoid of any factual allegations from which a hostile environment can reasonably be inferred.

Although the CHRL allows liability to attach for harassing conduct that does not qualify as "severe or pervasive," see Williams v. N.Y.C. Hous. Auth., 61 A.D.3d 62 (1st Dep't 2009), liability cannot be found where the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences. Id. at 79-80. Therefore, for the for the same reasons as articulated above, Plaintiff has failed to allege sufficient facts to withstand dismissal.

## III.    PLAINTIFF FAILS TO STATE A PLAUSIBLE TITLE VII, EQUAL PROTECTION, OR CHRL RETALIATION CLAIM.

Plaintiff also purports to state retaliation claims under Title VII, the Fourteenth Amendment's equal protection clause, and the CHRL. Similar to Point II *supra*, these claims fail because Plaintiff fails to state plausible claims for relief.

A.    The Equal Protection Clause Does Not Protect Against Retaliation.

Claims of retaliation for having complained of discrimination are not cognizable under the equal protection clause. Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir.1996). Given the availability of Title VII to redress such claims, the Second Circuit has declined to "break new constitutional ground" by recognizing such a cause of action. Id. (reasoning "[W]e know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of racial discrimination."). Therefore, Plaintiff's equal protection based § 1983 retaliation claims must be dismissed.

11

B.        Plaintiff Does Not Allege Any Protected Activity.

To state a claim for retaliation under Title VII, a plaintiff must plead facts that would tend to show that: "(1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." Patane v. Clark, 508 F.3d 106, 115 (2d. Cir.2007). A protected activity includes opposing or participating in, *inter alia*, an investigation or proceeding to oppose an employment practice made unlawful under Title VII. See 42 U.S.C. § 2000e-3(a). To receive statutory protection, a complaint need not be formal or made to a compliance officer, but it must at least "protest or oppose statutorily prohibited discrimination." Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir.2000); see also Cifra v. Gen. Elec. Co., 252 F.3d 205, 217-18 (2d Cir.2001) (noting conflicting evidence regarding when the plaintiff first complained of discrimination against her "because she was a woman" and thus when she first engaged in protected activity).

Plaintiff claims that she was non-reappointed after she complained to Deputy Dean Murphy about a student's "stalking" behavior. (Compl. ¶ 141.) In fact, Plaintiff's allegations focus exclusively on this student's alleged "harassing and stalking" of Plaintiff. (Compl. ¶¶ 108-141). Plaintiff does not allege that she complained about the student "harassing or stalking" her, or that she otherwise suffered discrimination, *because of* her gender, race, or national origin. A "plaintiff must complain of discrimination in sufficiently specific terms so that the employer is put on notice that the plaintiff believes he or she is being discriminated against on the basis of race, gender, national origin, or any other characteristic protected by Title VII." See Russo v. N.Y. Presby. Hosp., No. 09 CV. 5334, 2011 WL 837802, at *4 (E.D.N.Y. Mar. 3, 2011). Plaintiff's allegations here utterly fail to demonstrate that she lodged a complaint that could have

12

put Defendants on notice that Plaintiff was the victim of discrimination on the basis a Title VII

protected characteristic. As such, there are no allegations suggesting that Plaintiff engaged in

protected activity. See Int'l Healthcare Exchange, Inc., v. Global Healthcare Exch., 470 F. Supp.

2d 345, 357 (S.D.N.Y. 2007) (to be considered protected activity, the employee's complaint

must put the employer on notice that discrimination prohibited by Title VII is occurring); see

also Kelley v. Sun Microsystems, Inc., 520 F. Supp. 2d 388, 403 (D.Conn. 2007) (to constitute

protected activity, complaint must be directed to activity that is prohibited by Title VII).

To the extent the CHRL is more liberal than its federal counterparts in permitting a

plaintiff to recover based on claims of retaliation, it appears the broader view refers only to the

adverse action prong and not as to what constitutes protected activity. See generally Fincher v.

Depository Trust and Clearing Corp., 604 F.3d 712, 723 (2d Cir. 2010) (noting the liberal view

of the CHRL refers to material adverse employment actions). Thus, for the same reasons stated

above as to Plaintiff's Title VII retaliation claims, Plaintiff fails to state a retaliation claim under

the CHRL.

Accordingly, Plaintiff's retaliation claims require dismissal.

## IV. PLAINTIFF FAILS TO STATE PLAUSIBLE INDIVIDUAL CAPACITY CLAIMS FOR RELIEF UNDER § 1983 AND CHRL AGAINST DEFENDANTS LESEN, MURPHY, AND PAASWELL.

Plaintiff's § 1983 and CHRL claims against Defendants Lesen, Murphy, and Paaswell

fail for the additional reason that the Complaint demonstrates that these Defendants lacked the

requisite personal involvement for liability to attach.

A plaintiff must assert the personal involvement of each of the individual defendants in

order to proceed with claims based on § 1983 and the CHRL. See Back v. Hastings on Hudson

Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir.2004) (stating "[I]n this Circuit personal

13

involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983."); see also Stevens v. New York, 691 F. Supp. 2d 392, 401 (S.D.N.Y. 2009) (McMahon, *D.J.*) (personal involvement required to state claims under the CHRL.)

Plaintiff makes no assertions that Defendants Lesen or Murphy were involved in the non-reappointment decision. In fact, the only allegation asserted against Director Lesen is that Director Lesen purportedly urged Plaintiff to confront Student White. (Compl. ¶¶ 154.) Similarly, the only allegations against Deputy Dean Murphy are that Dean Murphy directed Plaintiff to speak with the Office of Student Disabilities, (Compl. ¶ 141), and Dean Murphy was present at the counseling meeting, (Compl. ¶ 167). Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award for damages under § 1983. See Schomo v. City of N.Y., 579 F.3d 176, 184 (2d Cir. 2009). Accordingly, the § 1983 and CHRL claims against these Defendants must be dismissed.

As to former Interim President Paaswell, Plaintiff alleges only that she appealed her non-reappointment decision a final time to the President, that President Paaswell informed Plaintiff by letter that he had denied her appeal, and that, upon Plaintiff's request, President Paaswell provided her a written statement of reasons for the denial. (Compl. ¶¶ 194-196.) These allegations are insufficient to hold a supervisor liable. See Iqbal, 129 S. Ct. at 1948-49 (explicitly rejecting the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution"). As Plaintiff as not alleged that President Paaswell was in any way involved in discriminatory or retaliatory actions, all claims against President Paaswell should be dismissed.

## V.   PLAINTIFF CANNOT STATE PLAUSIBLE CLAIMS FOR RELIEF AGAINST THE INDIVIDUAL DEFENDANTS UNDER THE CHRL.

### 1.   Accessorial Liability Under CHRL § 8-107(6) Can Not be Found Where the Employer is Not Liable.

Under New York law, "liability must first be established as to the employer before accessorial liability can be found as to an alleged aider and abettor" under the CHRL  See, e.g., Forrest v. Jewish Guild, 309 A.D.2d 546, 559-60 (1st Dep't 2003), aff'd, 3 N.Y.3d 295 (N.Y. 2004) ("the aiding and abetting claims here could only survive if plaintiff had successfully raised a question of fact as to any of the discrimination claims."); Falchenberg v. N.Y. State Dep't of Educ., 642 F. Supp 2d. 156, 165 (S.D.N.Y. 2008) ("aiding and abetting is a viable theory only where an underlying violation has been shown"), aff'd, 338 Fed Appx. 11, at *2 (2d Cir. June 11, 2009) (summary order); Schanfield v. Sojitz Corp. of Am., 663 F. Supp. 305, 245 (S.D.N.Y. 2009) (stating that liability under the CHRL must first be established as to the employer/principal before an individual may be considered an aider and abettor); Jean-Louis v. North Shore Univ. Hosp., No. 06 CV 3023, 2007 WL 4409937, at *9 (E.D.N.Y. Dec. 14, 2007) (stating that claims of aiding and abetting can only survive if the plaintiff successfully proves the employer's liability); Duviella v. Couns. Serv. of E. Dist. of N.Y., No. 00 CV 2424, 2001 WL 1776158, at *18 (E.D.N.Y Nov. 20, 2001) (dismissing CHRL claims against the individuals reasoning that when employer has been dismissed, the individuals must be dismissed); DeWitt v. Lieberman, 48 F. Supp. 2d 280, 293 (S.D.N.Y. 1999) (citing Murphy v. ERA United Realty, 251 A.D.2d 469, 473 (2d Dep't 1998)).  Because the Eleventh Amendment bars Plaintiff's CHRL against the employer/principal, CUNY, see, e.g., During v. City Univ. of N.Y., No. 01 Civ. 9584, 2002 WL 1159675, at *2 (S.D.N.Y. May 31, 2002) (dismissing CHRL claim against CUNY on Eleventh

Amendment grounds), accessorial liability cannot be found against the individual Defendants.

Accordingly, Plaintiff's eighth claim must be dismissed in its entirety.

## VI.   PLAINTIFF'S INDEPENDENT CLAIMS FOR INJUNCTIVE RELIEF AND THE OFFICIAL CAPACITY FEDERAL AND STATE LAW CLAIMS FOR INJUNCTIVE RELIEF ARE JURISDICTIONALLY AND SUBSTANTIVELY BARRED.

In addition to claims for monetary relief, Plaintiff's second and third claims purport to

state an independent causes of action for "prospective and injunctive relief" against Defendant

CUNY pursuant to Title VII and against the individual Defendants solely in their official

capacities pursuant to § 1983 and her CHRL claims appear to seek injunctive relief.  The

injunctive relief requested under § 1983 and the CHRL are barred by the Eleventh Amendment

and the independent claims under Title VII  and § 1983 are implausible.

### A.   The Eleventh Amendment Bars Plaintiff's § 1983 and CHRL Requests for Prospective Injunctive Relief.

The Eleventh Amendment to the U.S. Constitution bars any state law or federal

constitutional claims brought against CUNY or against the individual Defendants in their official

capacities.  The concept of state sovereign immunity embodied by the Eleventh Amendment

deprives federal courts of jurisdiction over suits by private parties against a state entity, unless

immunity has been waived by the state or validly abrogated by Congress.  See, e.g., Bd. of Trs.

of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).  When it applies, Eleventh Amendment

sovereign immunity bars claims against state entities regardless of the type of relief sought.  See

Fed. Maritime Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 765-66 (2002); Seminole Tribe

of Fla. v. Florida, 517 U.S. 44, 58 (1996).

The Second Circuit has definitively held that CUNY's "senior colleges" and central

administration are "arms of the state" and thus entitled to invoke Eleventh Amendment

16

immunity. Clissuras v. City Univ. of N.Y., 359 F.3d 79 (2d Cir.) (per curiam), cert. denied, 543

U.S. 987 (2004); see also Martinez v. City Univ. of N.Y., 07-cv-6453, 2010 WL 987029, at *2

(S.D.N.Y. Mar. 12, 2010) (dismissing claims against CUNY Graduate Center on Eleventh

Amendment grounds). State employees such as the individual Defendants who are sued in their

official capacities are also considered to be state entities protected by the Eleventh Amendment.

See Kentucky v. Graham, 473 U.S. 159, 169 (1985).

Here, the Eleventh Amendment bars any state law and federal constitutional claims

against CUNY and against the individual Defendants in their official capacities, as New York's

sovereign immunity has been neither abrogated nor waived. It is well-established that the

Eleventh Amendment bars state law claims brought in federal court against non-consenting state

entities. See Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 540-41 (2002). The Eleventh

Amendment also bars any federal constitutional claims, whether brought directly or pursuant to

42 U.S.C. § 1983.[2] See Quern v. Jordan, 440 U.S. 332, 341-45 (1979) (holding that Congress

did not abrogate state sovereign immunity by enacting § 1983); Santiago v. N.Y. State Dep't of

Corr. Servs., 945 F.2d 25 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992) (holding that the

Eleventh Amendment bars suits brought directly pursuant to the Fourteenth Amendment). The

State of New York has not waived its immunity to any of these types of claims. See, e.g., Jones

v. Nat'l Comm. & Surveillance Networks, 409 F. Supp. 2d 456, 467 (S.D.N.Y. 2006), aff'd, 266

Fed. Appx. 31 (2d Cir. 2008) (summary order); Lamere v. N.Y. State Office for the Aging, 03-

cv-356, 2005 WL 1174068, at *14 (N.D.N.Y. Apr. 27, 2005).

Finally, it should be noted that Plaintiff cannot take advantage of the exception created by

Ex Parte Young, 209 U.S. 123 (1908). That exception holds that the Eleventh Amendment does

---

[2] State entities and state officials sued in their official capacities also are not considered
"persons" for purposes of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).

not prevent a plaintiff from suing a state official in his official capacity seeking prospective injunctive relief to remedy an ongoing violation of federal law. See State Employees Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007). Here, Plaintiff has not sufficiently alleged that the individual Defendants currently have the responsibility or capability to enact the requested relief. See Miles v. Baruch Coll., 07-CV-1214, 2008 WL 222299, at *4 (E.D.N.Y. Jan. 25, 2008) (explaining that the Ex Parte Young exception only applies "provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action.") (quoting Davidson v. Scully, 148 F. Supp. 2d 249, 254 (S.D.N.Y.2001)). Although Plaintiff seeks reinstatement (Compl. at 37-38 prayer for relief) and claims for reinstatement, when made against a state official with the power to reinstate, are actionable, see State Emps. Barg. Ag. Coal. v. Rowland, 494 F.3d 71, 96 (2d Cir.2007) ("[C]laims for reinstatement to previous employment satisfy the Ex parte Young exception to the Eleventh Amendment's sovereign immunity bar"), Plaintiff has not alleged that any of the individuals could reinstate her. In fact, Plaintiff has alleged that Robert Paaswell is the *former* interim President of CCNY, (Compl. ¶ 15), and she fails to allege that any individual Defendant presently has the authority to reinstate her. Accordingly, Plaintiff's **§ 1983** claim for prospective injunctive relief against the individual Defendants cannot proceed.

Moreover, to the extent Plaintiff alleges violations of *state* law, the Ex Parte Young exception does not apply. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984).

Accordingly, these state law and federal constitutional claims against CUNY and against the individual Defendants in their official capacities are barred by the Eleventh Amendment and

18

should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[3]

        B.      Plaintiff Cannot State Substantive Claims for Injunctive Relief.

Plaintiff's independent claims for prospective injunctive relief under Title VII and § 1983 as set forth in the second and third claims fail as a matter of law. Requests for injunctive relief cannot serve as a substantive claim. See Arline v. Potter, 404 F. Supp. 2d 521, 529 (S.D.N.Y. 2005)(dismissing independent claims for injunctive relief reasoning injunctive relief is a remedy under Title VII); see also Simba v. Fenty, No. 08-1692, 2010 WL 4959884, at *3 (D.D.C. Dec. 7, 2010) ("Injunctive relief is not a claim, but a remedy.") Therefore, the second and third claims should be dismissed.

## VII.   DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

In accordance with the Individual Practices of Judge McMahon ("Individual Practices"), Defendants have simultaneously moved for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on the ground of qualified immunity. Pursuant to ¶ 3C of the Individual Practices, qualified immunity will be briefed by supplemental memorandum.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, together with such other and further relief as the Court deems just and proper.

---

[3] While the Supreme Court often refers to Eleventh Amendment sovereign immunity as a jurisdictional bar, it has expressly reserved the question of whether sovereign immunity is an issue of subject matter jurisdiction. Nevertheless, the Second Circuit has permitted motions to dismiss on sovereign immunity grounds pursuant to Rule 12(b)(1). Skalafuris v. City Univ. of N.Y., 09 Civ. 5693, 2010 WL 1050299, at *3 (S.D.N.Y. Mar. 22, 2010) (citations omitted).

Dated: New York, New York
     March 24, 2011

                      Respectfully submitted,

                      ERIC T. SCHNEIDERMAN
                      Attorney General of the State of New York
                      <u>Attorney for Defendants</u>
                      By:

                       /S
                      CHRISTINE A. RYAN
                      Assistant Attorney General
                      120 Broadway, 24th Floor
                      New York, New York 10271
                      Tel.: (212) 416-8652